[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10223
Non-Argument Calendar

_____

D. C. Docket No. 06-00343-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALONZO-UBINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 8, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Luis Alonzo-Ubina appeals his convictions and sentences for

conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, under 46 U.S.C. App. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

Alonzo-Ubina raises two grounds on appeal. First, he argues that the district court violated 18 U.S.C. § 201(c)(2) by allowing cooperating co-conspirators to testify. Second, he argues that his sentence is procedurally and substantively unreasonable.

We review *de novo* the district court's interpretation of 18 U.S.C. § 201(c)(2). *United States v. Lowery*, 166 F.3d 1119, 1122 (11th Cir. 1999). We have held that "[t]estimony derived through plea agreements is common in trials and does not violate 18 U.S.C. § 201(c)(2), the statute that prohibits bribing witnesses." *U.S. v. Thayer*, 204 F.3d 1352, 1357 (11th Cir. 2000).

Alonzo-Ubina acknowledges that our precedent forecloses his argument that the district court erred in allowing testimony of cooperating co-conspirators because such testimony violates 18 U.S.C. § 201(c)(2), but he nevertheless raises the issue to preserve it for further review. Based on our caselaw, Alonzo-Ubina's

argument fails.

Second, Alonzo-Ubina argues that his sentence is unreasonable because it fails to meet the purposes of sentencing under § 3553(a), including that the district court failed to consider the disparity between his sentence and the sentences that his co-conspirators received.

When reviewing a sentence for reasonableness, we first must ensure that the district court judge correctly calculated the Sentencing Guidelines range. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). We then review the sentence for reasonableness in light of the 18 U.S.C. 3553(a) factors and must determine whether the sentence fails to achieve the purposes of sentencing set forth in that statute. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). Unreasonableness may be procedural or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow *Booker*'s requirements, regardless of the actual sentence." *Id*. Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). A sentence "may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n. 3. When reviewing a sentence for reasonableness, "we

3

will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007).

The weight accorded to the § 3553(a) factors is within the district court's discretion. *Id.* The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

Here, Alonzo-Ubina does not challenge the district court's guideline calculation, so the only issue on appeal is reasonableness. Regarding Alonzo-Ubina's procedural reasonableness argument, before imposing this sentence, the

district court explicitly stated that it had considered the § 3553(a) factors. Procedurally, the court complied with *Booker*.  *See Talley*, 431 F.3d at 786. Regarding Alonzo-Ubina's substantive reasonableness challenge, to the extent that Alonzo-Ubina argues that the district court failed to give weight to his factors asserted in support of a reasonable sentence, such as the need for rehabilitation, his personal circumstances, and his cooperation, the weight accorded to various factors is within the district court's discretion.  *See Williams*, 456 F.3d at 1363.  Further, Alonzo-Ubina's 324-month sentence was at the bottom of the guideline range and well below the statutory maximum of life imprisonment.  *See* 21 U.S.C. § 960(b)(1)(B)(ii).  Also, the record demonstrates that Alonzo-Ubina is not similar to his co-conspirators, and there was no unwarranted sentencing disparity.  Based on this record, Alonzo-Ubina has not met the burden of establishing the unreasonableness of his sentence.  Accordingly, we affirm his sentence.

**AFFIRMED.**